

**FILED**

JAN 5 - 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| ANDREW IGLAR, ) | Case No. 4-04-bk-04291-EWH |
| ) | |
| Debtor. ) | **MEMORANDUM DECISION** |
| _____ ) | |

## INTRODUCTION

A Chapter 13 debtor must, as part of a cure of a default on his principal residence, pay accrued default interest and late fees pursuant to the terms of the secured creditor's contract. The reasons for this conclusion are set forth below.

## FACTS AND PROCEDURAL HISTORY

Debtor Andrew Iglar ("Debtor") filed a Chapter 13 petition on August 27, 2004. The Debtor filed a Chapter 13 plan ("Plan") on September 15, 2004, proposing to pay all pre-petition principal, non-default interest, taxes, and insurance on a Note Secured by Deed of Trust dated May 6, 1998 ("Note") secured by the Debtor's principal residence held by Lin & Betty Gage (the "Gages").

On January 21, 2005, the Gages filed a secured proof of claim for $242,911.86. The claim included a copy of the Gages' credit-bid for a trustee's sale that had been scheduled for September 2, 2004. The amount of the claim was calculated as follows:

| | |
|---|---|
| Unpaid principal balance | $ 206,202.17 |
| 7.5% interest from December 3, 2003 | $ 11,555.92 |
| 5% default interest through September 2, 2004 | $ 20,733.01 |

| | |
|---|---|
| Late charges | $ 333.84 |
| Delinquent taxes and insurance | $ 1,723.60 |
| Various detailed fees and expenses for sale | $ 2,363.32 |

On March 28, 2005, the Debtor filed an objection to the Gages' proof of claim ("Objection"), disputing the inclusion of default interest and late fees. On July 17, 2005, the Gages responded to the Objection, arguing that the amount the Debtor proposed to pay to cure the default on the Note through his Plan was insufficient because it did not include the default interest and late fees required by the Note. At a September 20, 2005 hearing on the Objection, the Debtor also asserted that all payments had not been properly credited and interest was charged twice. The matter was reset to allow for investigation of the payment history with the title company. Thereafter, the parties agreed that all payments had been properly credited, and the sole issue remaining is whether default interest and late fees must be paid to cure arrearages on the Note.

A hearing was held on November 21, 2005. The parties were given a deadline of December 2, 2005 to file short simultaneous briefs or cite cases supporting each of their positions regarding whether default interest and late fees had to be paid as part of the cure of arrearages of the Note under the Plan. The briefs were timely filed, and the matter is now ready for decision.

## ISSUE

Must the Debtor include pre-petition default interest and late fees to cure a default on a note secured by his principal residence, in his Chapter 13 plan?

2

## JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. § 1409(a).

## DISCUSSION

Under § 1322(b)(2), a Chapter 13 plan may not modify the rights of holders of secured claims when a claim is secured only by a security interest in real property that is the debtor's principal residence.[1] If a Chapter 13 debtor wants to cure a default in his plan relating to a secured claim on his principal residence, section § 1322(e) requires that the cure be made pursuant to the terms of the security agreement and applicable state law.[2] Section § 1322(e) was enacted as part of the Bankruptcy Reform Act of 1994. It is applicable to loans made after October 22, 1994. Section § 1322(e) was Congress' response to the U.S. Supreme Court decision in <u>Rake v. Wade</u>, 508 U.S. 464 (1993), which required interest on all mortgage arrearages to be paid by debtors curing defaults. The result in <u>Rake</u> gave secured creditors interest on past due interest and late fees, in addition to interest on past due principal. The "new" § 1322(e) has the effect of "limiting the secured creditor to the benefit of the initial bargain with no court contrived windfall." H.R. Rep. 103-834, 103rd Cong. (1994). Section

---

[1] Code sections refer to the U.S. Bankruptcy Code, unless otherwise stated.

[2] Section § 1322(e) provides as follows: Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

3

§ 1322(e) conveyed "the Congressional intent that a cure in bankruptcy pursuant to a Chapter 13 plan, should put the debtor and the creditor in the same position as was bargained for under the provisions of the parties' agreement and applicable non-bankruptcy law." In re Koster, 294 B.R. 737, 739 (Bankr. E.D. Mo. 2003).

In the present case, the Debtor's Plan proposes to cure the pre-petition default by paying the non-default interest rate of 7.5% and past due principal payments. The Debtor argues that the Gages are not entitled to the Note's default interest of 5%, late fees or trustee's sale expenses because the default is being cured under the Plan, and if there is a cure, then there is no default. The Debtor relies on Chapter 11 case law to support his argument.[3] However, those cases do not address what is required to cure a default on a principal residence in a Chapter 13 case.

In Koster, the court was faced with a similar situation - the note secured by a deed of trust on the debtor's residence provided for payment of additional interest upon default. 294 B.R. at 740. However, the debtor's Chapter 13 plan did not provide for payment of the default interest. Id. The court held that Missouri law would permit the creditor to enforce the terms of its note and deed of trust which included "provisions for interest on a variety of amounts due under the agreement including advances made by the creditor to protect its rights in property such as insurance, taxes, and attorney fees and costs." Id. at 741.

---

[3] In re Entz-White Lumber & Supply, Inc., 850 F.2d 1338 (9th Cir. 1988); In re Casa Blanca Project Lenders, L.P., 196 B.R. 140 (9th Cir. B.A.P. 1996); In re Countrywood Inv. Group, Ltd., 117 B.R. 338 (Bankr. M.D. Tenn. 1990); In re Sylmar Plaza, L.P., 314 F.3d 1070 (9th Cir. 2002); In re Southeast Co., 868 F.2d 335 (9th Cir. 1989); In re Pac. Gas & Elec. Co., 283 B.R. 41 (N.D. Cal. 2002); In re 433 South Beverly Drive, 117 B.R. 563 (Bankr. C.D. Cal. 1990); In re Udhus, 218 B.R. 513 (9th Cir. B.A.P. 1998).

4

amounts due under the agreement including advances made by the creditor to protect its rights in property such as insurance, taxes, and attorney fees and costs." Id. at 741.

In the present case, the Note requires that the Debtor pay all amounts due under the Note. The Note provides for payment of an additional 5% interest upon default and late fees. Such provisions in secured contracts are enforceable under A.R.S. § 33-813 which provides for payment of the entire amount due under a secured contract.[4] Therefore, the Debtor must

---

[4] A.R.S. § 33-813 provides as follows:

**A.** If, prior to the maturity date fixed by the contract or contracts, all or a portion of a principal sum or interest of the contract or contracts secured by a trust deed becomes due or is declared due by reason of a breach or default in the performance of the contract or contracts or of the trust deed, the trustor or the trustor's successor in interest . . . may reinstate by paying to the beneficiary, the trustee or the trustee's agent . . . the entire amount then due under the terms of the contract or contracts or trust deed, other than the portion of the principal as would not then be due had no default occurred, by curing all other defaults and by paying the amounts due under subsection B of this section.

**B.** The beneficiary shall notify the trustee in writing of the performance and the name of the person who performed the conditions. The proceedings shall be cancelled and the contract or contracts and trust deed shall be deemed reinstated and in force as if no breach or default had occurred upon performance of those of the following which may be applicable:
 1. Payment of the entire amount then due.
 2. Payment of costs and expenses incurred in enforcing the terms of such contract or trust deed. These costs and expenses may include the following:
  (a) Reasonable costs for mailing and photocopying.
  (b) Actual expenses incurred for recording, publication, posting of notice of sale, auctioneer's fee, postponement fees and title costs.
  (c) Other reasonable costs and expenses.
 3. Payment of the recording fee for a cancellation of notice of sale.
 4. Payment of the trustee's fees, in an amount not to exceed six hundred dollars or one-half of one per cent of the entire unpaid principal sum secured, whichever is greater.
 5. Payment of expenses and reasonable attorney fees that are not otherwise provided for in this section and that are incurred in protecting and preserving the beneficiary's interest in the trust property . . . .

5

include the pre-petition default interest and late fees in his proposed cure through his Plan under § 1322(e).

In their supplemental brief, the Gages also ask that trustee's sale fees and attorneys' fees be included in the cure of arrearages in the Plan. These fees must also be paid because they are provided for in the Note and enforceable under applicable nonbankruptcy law. See In re Atwood, 293 B.R. 227, 232 (9th Cir. B.A.P. 2003) (In a Chapter 13 case, it can be procedurally correct for a creditor to include attorneys' fees in its proof of claim without requiring fee application).

## CONCLUSION

The Debtor's Objection to Gages' secured claim, including prepetition default interest, late fees, and legal fees, is overruled. A separate order will be entered this date.

DATED this 5th day of January, 2006.

EILEEN W. HOLLOWELL
United States Bankruptcy Judge

Copy of the foregoing mailed this
5 day of January, 2006, to:

Eric Slocum Sparks, Esq.
Eric Slocum Sparks PC
110 South Church Avenue #2270
Tucson, AZ 85701
Attorney for Debtor

6

| | |
|---|---|
| 1 | Dianne C. Kerns |
| 2 | 7320 North La Cholla #154 PMB 413 |
|   | Tucson, AZ 85741-2305 |
| 3 | Chapter 13 Trustee |
| 4 | |
|   | U.S. Trustee |
| 5 | Office of the U.S. Trustee |
|   | 230 North First Avenue #204 |
| 6 | Phoenix, AZ 85003 |

By _/s/ J. Madison_
Judicial Assistant